United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41293
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALFONSO ANARIBA-RAMIREZ, also known as Luis Alonzo
Anariba-Ramirez, also known as Oscar Rolando Zavala-Guzman,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1685-ALL
--------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Alfonso Anariba-Ramirez appeals from his guilty-plea

conviction and sentence for being found in the United States

after having been previously removed.  He was sentenced to 50

months of imprisonment and three years of supervised release.

Anariba-Ramirez asserts that his sentence is invalid in light of

United States v. Booker, 543 U.S. 220 (2005).  Because the

district court sentenced Anariba-Ramirez under a mandatory

guidelines regime, it committed a Fanfan error.  See United

--------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005). Because the Government concedes that Anariba-Ramirez preserved his Fanfan claim, this court reviews for harmless error. Id.; United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Under this standard of review, the Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Anariba-Ramirez differently under an advisory guidelines sentencing regime. Walters, 418 F.3d at 464. The record contains no indication that the district court would have imposed the same sentence absent the error. The Government thus cannot meet its burden. Accordingly, Anariba-Ramirez's sentence is vacated and the case is remanded for resentencing.

Anariba-Ramirez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Anariba-Ramirez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Anariba-Ramirez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.